**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**KHALAN ELLINGTON,
ADC #655082**                                                                                                       **PLAINTIFF**

**V.**                        **CASE NO. 4:17-CV-259 SWW-BD**

**LACRETIA FLOWERS, et al.**                                                                              **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.    Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge Susan Webber Wright. Any party may file written objections to this Recommendation. If objections are filed, they must be specific and must include the factual or legal basis for the objection. Objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record. By not objecting, parties may waive any right to appeal questions of fact.

**II.    Background**

Khalan Ellington is currently an Arkansas Department of Correction inmate. In this civil rights lawsuit, he complains that he was held in the Faulkner County Detention Center ("Detention Center") for twenty-one days before being taken to court for his first appearance on state-court criminal charges.

Defendants Flowers, Kelly, and Andrews have now moved for summary judgment on Mr. Ellington's claims against them.[1] (#38) Mr. Ellington has responded to the Defendants' motion and it is ripe for review. (#42, #43)

## III. Discussion

### A. Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no real dispute about the facts that are important to the outcome of the case. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246 (1986). As the moving parties, the Defendants bear the burden of producing admissible evidence showing that there is no real dispute. If they offer such evidence, Mr. Ellington is obligated to meet evidence with evidence to avoid summary judgment.

### B. Undisputed Factual History

On August 22, 2016, Mr. Ellington was arrested on state drug charges and was booked into the Detention Center. (#40-1 at p.5) On August 24, 2016, he was transported to Faulkner County Circuit Court for his first appearance. (*Id.* at p.13) Mr. Ellington's arraignment on those charges was scheduled for September 19, 2016. (*Id.*) At the August 24th hearing, the Court approved the appointment of a public defender for Mr. Ellington and set a $50,000 bond. (*Id.*)

---

[1] The Court previously dismissed Mr. Ellington's claims against Defendant Rice. (#9)

On September 2, 2016, a bench warrant was issued for Mr. Ellington for additional state charges including forgery and theft of property. (*Id*. at p.10) On the same day, the warrant was served on Mr. Ellington at the Detention Center. (*Id*.)

On September 19, 2016, Mr. Ellington was arraigned for the first set of state criminal charges. (*Id*. at p.14) A pre-trial/omnibus hearing was scheduled for December 12, 2016. His bond remained at $50,000. (*Id*.)

On September 20, 2016, at 6:13 p.m., Mr. Ellington submitted a grievance complaining about his need to be arraigned on the second set of criminal charges pending against him. (*Id*. at p.55) He stated:

> [I] was trying to bond out today but couldn't cause [I] have a warrant for more charges and the bondsman said [I] go to court in the morning 9/21/16 but it shows no court date in the computer here at the unit[.] [T]he bondsman said he will be back here in the morning to bond me on the other charges too. [I] would first need a court date right please help me out if you can.

(*Id*.) Over the next two days, Mr. Ellington filed several similar grievances. (*Id*. at pp.56-57)

In response to his grievances, Defendant Andrews contacted booking and inquired as to whether Mr. Ellington had received a first appearance on his second set of criminal charges. (*Id*. at p.56) When it was discovered that Mr. Ellington had not, a hearing was promptly arranged. (*Id*. at p.57) On September 23, 2016, Mr. Ellington had his first appearance on his second set of state-court criminal charges. (*Id*. at p.15)

On October 17, 2016, Mr. Ellington was arraigned on the second set of criminal charges and a pretrial/omnibus hearing was scheduled for December 12, 2016. (*Id*. at p.16) Bond was set at $10,000 for "both cases." (*Id*.)

On November 10, 2016, Mr. Ellington was released from custody after posting bond. (*Id*. at p.17)

On December 13, 2016, Mr. Ellington failed to appear at his pre-trial/omnibus hearing, resulting in a failure-to-appear warrant to be issued for his arrest and the revocation of his bond. (*Id*. at pp.19-20) On February 15, 2017, Mr. Ellington surrendered on the charges against him and was again booked into the Detention Center. (*Id*. at pp.22-23)

On February 17, 2017, Mr. Ellington appeared for a first appearance on both sets of criminal charges against him and another arraignment was scheduled for March 1, 2017. (*Id*. at p.24)

On March 1, 2017, Mr. Ellington pleaded guilty to both sets of criminal charges against him. (*Id*. at pp.25-29) As part of his sentence, Mr. Ellington was given credit for the time that he served in the Detention Center. (*Id*.at p.29)

    C.    Due Process Claim

The Due Process Clause forbids an extended detention, without a first appearance, following an arrest by warrant.[2] *Hayes v. Faulkner County,* 388 F.3d 669, 673 (8th Cir.

---

[2] Rule 8.1 of the Arkansas Rules of Criminal Procedure requires that "[a]n arrested person which is not released by citation or by other lawful manner shall be taken before a judicial officer without unnecessary delay." ARK. R. CRIM. P. 8.1.

2004). State actors' deliberate failure to afford detainees a timely first appearance offends the substantive due process clause of the Constitution. *Lucke v. County of Hennepin,* 415 F.3d 936, 939-40 (8th Cir. 2005); *Hayes,* 388 F.3d at 674; *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004). In analyzing a plaintiff's substantive due process claims, courts must determine whether, "in the totality of the circumstances, the defendants' conduct . . . shocks the conscience." *Hayes*, 388 F.3d at 674.

Individual liability in cases brought under 42 U.S.C. § 1983, however, must be based on personal involvement in the constitutional violation. To adequately state a claim for relief in a § 1983 case, the detained "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Here, in support of their motion, each Defendant has provided his affidavit. (#40-1; #40-2; #40-3) According to those affidavits, none of the Defendants were involved in scheduling Mr. Ellington's initial state-court appearances. (*Id.*) In their affidavits, Defendants Andrews and Flowers explain the protocol followed at the Detention Center to ensure that criminal defendants are promptly taken to court. According to the Defendants, the arresting officer, or officer serving the warrant, notifies the Detention Center's booking department by leaving a copy of the served warrant or arrest report with that department. (#40-1 at pp.1-2; #40-2 at pp.1-2) The booking department then creates a "court packet," which is forwarded to the appropriate court with a request for a first-appearance setting. (*Id.*) When hearing lists are received from the courts, the booking department then reconciles those lists with inmate rosters to ensure the scheduling of, and

detainee attendance at, the first appearance within seventy-two hours, "whenever practicable." (#40-1 at p.2; #41-2 at p.2)

Here, Defendants Andrews testified that he did not become aware that Mr. Ellington had not been seen for his first appearance for the second set of state charges until September 20, 2016, when Mr. Ellington submitted a grievance regarding the issue. (#40-1 at p.2) Upon receiving the grievance, Defendant Andrews investigated the situation and, upon finding that Mr. Ellington had not been seen on the forgery and theft charges, promptly arranged for a hearing to be scheduled. (*Id.*)

According to Defendant Flowers's testimony, she also was not personally involved in scheduling Mr. Ellington's first appearance on the second set of criminal charges. Rather, she did not become aware of the situation until Mr. Ellington filed the September 20th grievance. (#40-2 at p.2) At that time, she and Defendant Andrews promptly arranged for the scheduling of the hearing. (*Id.*)

Defendant Kelly testified that he was the transport officer with the Faulkner County Sheriff's Office at the time relevant to Mr. Ellington's claims. (#40-3 at p.1) In that capacity, he sometimes served warrants on inmates in the Detention Center. (*Id.*) After serving warrants, he leaves a copy of the warrant with the booking officer on duty and a copy of the warrant in the warrants-division basket. (*Id.*) He has no further involvement in scheduling the inmate's first appearance hearing "or in any other manner or context." (#40-3 at p.2)

According to the papers attached to Mr. Ellington's response to the Defendants' motion, Defendant Kelly served the September 2 arrest warrant on Mr. Ellington. on

6

September 2, 2016 (#43 at p.15); and Defendant Flowers entered the "court paperwork" for those charges. (#43 at p.16)

Even assuming these facts are true, Mr. Ellington has not come forward with any evidence to show that these Defendants were, in fact, responsible for scheduling (or failing to schedule) his first-appearance on the second set of criminal charges. While the Court has concerns regarding the lack of a Detention Center policy or custom ensuring that first appearances are promptly scheduled and detainees are promptly seen, the Court cannot conclude that these individuals were responsible for any constitutional violation that Mr. Ellington allegedly suffered.

Furthermore, even if Mr. Ellington had come forward with evidence that these Defendants were involved in failing to arrange for his first appearance on the second set of state criminal charges, his due process claims would still fail. The facts surrounding Mr. Ellington's claim is quite different from those in *Curtis v. White*, 2010 WL 5625668 (E.D. Ark. Dec. 17, 2010). In *Curtis*, the court found that Mr. Curtis's due process rights had been violated when he was not seen by a judge for ten days after he was served with warrants for two state-court criminal charges. In that case, however, Mr. Curtis claimed that county officials had "intentionally failed to take him before a judge in retaliation for the damage he caused" in the detention facility after breaking a plexiglass window. (*Id.* at \*4) Mr. Curtis also explained that he "was desperately seeking bond and asked [] several times to be brought to court." *Id.* at \*4.

At an evidentiary hearing, the sheriff in *Curtis* testified that "getting detainees before a judge ha[d] been an ongoing problem," yet no policy or procedure had been

established to address the issue. As a result, the Court concluded that Mr. Curtis "fell through the cracks of a system of inattention and deliberate indifference" and found that "under the totality of the circumstances, Defendants' individual conduct shocks the conscious." *Id*.

The facts in this case are vastly different from those before the court in *Curtis v. White*. Here, Mr. Ellington was promptly seen for the first set of criminal charges pending against him; bond had been set; and counsel had been approved. Mr. Ellington did not complain about the lack of a first appearance on the second set of criminal charges until eighteen days after he was served with a warrant for those charges. After he filed a grievance raising the issue, Defendants Andrews and Flowers promptly addressed the issue, and Mr. Ellington was taken before a judge within seventy-two hours.

Finally, it is important to note that Mr. Ellington received credit toward his sentence for time that he served in the Detention Center after pleading guilty to all state criminal charges. Thus, even if the Defendants had been deliberately indifferent to Mr. Ellington's due process rights, based on the totality of the circumstances, the Court cannot conclude that the Defendants' conduct "shocks the conscious of the court" so as to expose these Defendants to liability.

## IV.     Conclusion

The Court recommends that the Defendants' motion for summary judgment (#38) be GRANTED. Mr. Ellington's claims should be DISMISSED, with prejudice.

DATED this 24th day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE